STATE ex rel. ORTON vs. COMMISSIONERS OF SCHOOL AND UNIVERSITY LANDS.

Where the agent of a person holding a certificate of sale of school lands paid the annual interest in due time, but failed to specify the object of the payment so as to be understood by the state treasurer, or to deliver to him the unsigned receipt obtained from the secretary of state, and in consequence such payment was not entered on the treasurer's books, and the land was resold as forfeited: *Held*, that the commissioners of school and university lands, upon ascertaining the mistake, were authorized (under sec. 121, ch. 28, R. S.) to declare the resale void.

APPLICATION for a *mandamus* to compel the respondents to issue to the relator a certificate of sale for certain school land.

*E. Mariner*, for relator.

*The Attorney General*, for respondent.

*By the Court*, COLE, J. We think the return of the commissioners furnishes a sufficient excuse for not issuing a certificate of sale to the relator. They say, in substance, that the sale to him was made by a mistake, and therefore it was annulled and vacated by virtue of the authority vested in them by section 121, chap. 28, R. S.

It appears from the return that the agent of the original purchaser received from her a sufficient sum of money to pay the interest falling due upon the land, and undertook to pay it at the proper office. The agent did in fact make the payment in time to the state treasurer, but omitted, through mistake, to specify with sufficient distinctness the object of the payment so as to be clearly understood by the treasurer, and likewise failed to deliver to the treasurer for his signature the unsigned receipt of such payment, which the agent had received from the office of the secretary of state. The consequence, of course, was, that the treasurer did not make the proper entry upon his books, showing that interest had been paid, and the land was treated as forfeited for non-payment of interest. Soon after the sale was made to the relator, and before a certificate was issued to him, the commissioners were informed of the previous payment of the interest. They then proceeded to vacate the sale, and applied the money which had been paid in to the discharge of the interest. The relator was at once notified by the commissioners of their action in the premises, and they offered to return to him the money which he had paid at the sale. This he refused and still refuses to receive, contending that the sale to him was valid, and that the commissioners had no authority whatever to set it aside and treat it as a nullity. And whether or not, under the circumstances, they had that authority, is the question arising upon the return.

The section of the statute already referred to provides, in case of the sale of any school or university lands made by mistake, or not in accordance with law, or obtained by fraud, that then such sale shall be void, and that no certificate of purchase issued thereon shall be of any effect, but the holder of any such certificate shall be required to surrender the same to the commissioners, who shall thereupon refund the amount paid for the land described in such certificate. We are unable to perceive why this provision of law does not fully apply to the case at

bar, and authorize the commissioners to treat the sale to the relator as void. For, beyond all dispute, the sale to him was made under a mistake, and in entire ignorance on the part of the commissioners that the interest had been previously paid.

But it is insisted that this provision only applies to a case where the mistake is wholly that of the commissioners, the original purchaser not being in any wise at fault, and not to a case where such purchaser was in some degree at fault by failing to do everything necessary for him to do in order to complete the payment. Here, it is said, the mistake was that of the agent in supposing he had done all that was necessary for him to do when he paid the money into the office of the state treasurer, whereas he should have specified clearly the object of the payment so that the treasurer would have fully understood the purpose for which it was made, and been able to properly apply it, or at all events should have obtained a receipt from the treasurer of such payment. It is true the agent in this case was in some measure responsible for the mistake ; that is, he might perhaps have prevented it, had he, when he paid the money, procured the signature of the treasurer to the unsigned receipt which had been given him by the secretary of state. In that case it is probable the proper entries would have been made in the books of the treasurer, and the payment would have been rightly applied. Even then it is not impossible that the land might have been resold as forfeited land when it should not have been. But however this may be, we are still of the opinion that the commissioners might set aside the sale to the relator on the ground that it had been made under a mistake, although the agent of the original purchaser was in some degree responsible for such mistake. The agent paid the interest into the office of the state treasurer in time to prevent a forfeiture. The proper application was not made because the agent was doubtless ignorant of the method of transacting business at that office. And yet it is very clear, and the commissioners so return, that the sale was made under a

mistake of the facts, and in ignorance that the interest had already been paid. Under these circumstances we think the commissioners were fully authorized to set aside the sale made to the relator, and to withhold the certificate of purchase.

The demurrer to the return is therefore overruled.